# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| SPRINT NEXTEL CORPORATION and SPRINT COMMUNICATIONS COMPANY, L.P., <br><br> Plaintiffs, <br><br> v. <br><br> THE WIRELESS STORE, INC., MOBILE LOGISTICS, LLC, BEEPERS PLUS WIRELESS, INC., THE MOBILE STORE, INC., CELLULAR MART, INC., MALIK MURADALLY, individually and as owner and/or director, AMIN ABDUL ALI, individually and as owner and/or director and ANWAR CHARANIA, individually and as owner and/or director, <br><br> Defendants. | Civil Action No: **3:13-CV-598-L** |

## FINAL JUDGMENT AND PERMANENT INJUNCTION
## AGAINST ALL DEFENDANTS

Before the court is the parties' Stipulation for Entry of Final Judgment and Permanent Injunction Against All Defendants, filed May 20, 2013. Plaintiffs Sprint Nextel Corporation and Sprint Communications Company, L.P. ("Plaintiffs") brought the above-captioned lawsuit against Defendants The Wireless Store, Inc., Mobile Logistics, LLC, Beepers Plus Wireless, Inc., The Mobile Store, Inc., Cellular Mart, Inc., Malik Muradally, Amin Abdul Ali and Anwar Charania (collectively "Defendants"), alleging that Defendants are engaged in an unlawful enterprise involving the unauthorized and deceptive bulk purchase and resale overseas of specially-manufactured wireless telephones designed for use on Sprint's wireless service, including the iPhone and Samsung Galaxy handsets specially-manufactured for Sprint (collectively, "Sprint Phones" or "Sprint Handsets" or "Phones" or "Handsets"), the theft of

**Final Judgment and Permanent Injunction Against All Defendants – Page 1**

Sprint's subsidy investment in the Phones, the unlawful access of Sprint's protected computer systems and wireless network, the trafficking of Sprint's protected and confidential computer passwords, and the willful infringement of Sprint's trademarks (collectively, the "Bulk Handset Venture " or the "Venture").

Sprint alleges that Defendants and their co-conspirators perpetrate the Bulk Handset Venture by acquiring large quantities of Sprint Phones from Sprint and/or Sprint authorized retailers and dealers, and by soliciting others to purchase Sprint Phones in large quantities for the benefit of Defendants. Sprint further alleges that Defendants and their co-conspirators acquire the Sprint Phones with the knowledge and intent that the Phones will not be used on the Sprint wireless network (as required by the Sprint contracts).  Instead, the Phones are allegedly trafficked and the vast majority are resold as new overseas where the Phones are not subsidized by wireless carriers (as they are in the United States) and where the Phones are not as readily available.  Sprint also alleges that in some cases, Defendants and their co-conspirators acquire the Sprint Phones with the knowledge and intent that the Phones will be computer-hacked.  The alleged purpose of this hacking, known as "unlocking," is to disable software installed in the Phones by the manufacturers at the request and expense of Sprint, which enables the activation of the Sprint Phones exclusively on Sprint's wireless system.  The purpose of the software is to allow Sprint to offer the Phones at a discount to the consumer while protecting Sprint's subsidy investment in the Phone.  Sprint alleges that the illegally unlocked Phones are trafficked and resold as new by Defendants and their co-conspirators, at a premium, under the Sprint trademarks.

Sprint Phones are sold subject to terms and conditions ("Terms and Conditions") which conspicuously restrict and limit the sale and use of the Phones.  These Terms and Conditions are set forth in printed inserts that are packaged with each Phone and are posted on Sprint's website.

Pursuant to the Terms and Conditions of Sprint Phones, purchasers agree, among other things: (a) to pay the monthly service charges and other related fees; (b) to pay an Early Termination Fee ("ETF") for each line of service that is terminated before the contract term is concluded; (c) to activate the Sprint Phones on the Sprint CDMA network; (d) not to resell the Sprint Phones and related products and services; and (e) not to use the Phones for a purpose that could damage or adversely affect Sprint.

As a result of Defendants' alleged involvement in the Bulk Handset Venture, Sprint has asserted claims against Defendants for breach of contract, unfair competition, tortious interference with business relationships and prospective advantage, civil conspiracy, unjust enrichment, conspiracy to induce breach of contract, common law fraud, fraudulent misrepresentation, violations of the federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030, *et seq*., federal trademark infringement under 15 U.S.C. § 1114, federal common law trademark infringement and false advertising under 15 U.S.C. § 1125(a)(1)(A) and (B), contributory trademark infringement, and injury to business or reputation/dilution of trademarks in violation of Tex. Bus. & Com. Code Ann. § 16.103. Defendants deny Sprint's allegations. Based on the respective positions advocated by the parties, the agreement of the parties, and having reviewed the Complaint and file and being otherwise duly and fully advised in the premises, it is hereby

**ORDERED**, **ADJUDGED** and **DECREED** that:

1. This Court has jurisdiction over all the parties and all of the claims set forth in Sprint's Complaint.

2. The Court finds that Sprint has the right to use and enforce rights in the standard character Sprint® mark and stylized Sprint® trademarks (collectively, the "Sprint Marks"), as depicted below:



Sprint uses the Sprint Marks on and in connection with its telecommunications products and services. The Sprint Marks are valid, distinctive, protectable, famous, have acquired secondary meaning, and are associated exclusively with Sprint.

3. The Court finds that if the allegations alleged in the Complaint regarding the Terms and Conditions were proven, the Terms and Conditions and the language in and on the packaging would constitute a valid and binding contract enforceable against Defendants. The Court finds that (a) failing to pay for monthly service charges; (b) failing to pay ETF fees; (c) failing to activate the Phones on the Sprint wireless network; (d) reselling and exporting the Sprint Phones and related products and services; and (e) using the Phones for a purpose that could damage or adversely affect Sprint, constitute independent breaches of contract for which Sprint would be entitled to relief.

4. The Court finds that if the conduct set forth in the Complaint were proven, such conduct would constitute violations of 15 U.S.C. §§ 1114 and 1125(a)(1)(A) and (B) (federal trademark infringement and false advertising). The Court further finds that such conduct also would constitute common law unfair competition, tortious interference with business relationships and prospective advantage, civil conspiracy, unjust enrichment, conspiracy to induce breach of contract, contributory trademark infringement, injury to business or reputation/dilution of trademarks in violation of Tex. Bus. & Com. Code Ann. § 16.103, conversion, common law fraud, and would violate the federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030, *et seq*.

5. Sprint has suffered damages, including loss of goodwill and damage to its reputation, as a result of Defendants' conduct. On review and consideration of all relevant factors, Sprint is entitled to damages and injunctive relief on the claims as set forth in the Complaint.

6. Final judgment is hereby entered against Defendants The Wireless Store, Inc., Mobile Logistics, LLC, Beepers Plus Wireless, Inc., The Mobile Store, Inc., Cellular Mart, Inc., , jointly and severally, and in favor of the Plaintiffs, on all of the claims set forth in Plaintiffs' Complaint in the principal amount of Three Million Dollars and Zero Cents ($3,000,000.00 (U.S.)), which shall bear interest at the legal rate, for which let execution issue forthwith.

7. Defendants and all of their past and present agents, employees, heirs, personal representatives, beneficiaries, relatives, and all other persons or entities acting or purporting to act for him or on his behalf, including, but not limited to, any corporation, partnership, proprietorship or entity of any type that is in any way affiliated or associated with Defendants or Defendants' representatives, agents, assigns, employees, independent contractors, associates, servants, and any and all persons and entities in active concert and participation with Defendants who receive notice of this Order, shall be and hereby are PERMANENTLY ENJOINED from:

    a. purchasing, selling, unlocking, reflashing, altering, advertising, soliciting and/or shipping, directly or indirectly, any Sprint Phones;

    b. supplying Sprint Phones to or facilitating or in any way assisting other persons or entities who Defendants know or should know are engaged in the purchase or sale of Sprint Phones or hacking, altering, erasing, tampering with, deleting or otherwise disabling the software installed in Sprint Phones;

    c. engaging in any of the conduct described in the Complaint as the "Bulk HandsetVenture;"

    d. supplying Sprint Phones to or facilitating or in any way assisting other persons or entities who Defendants know or should know are engaged in

      any of the acts prohibited under this Permanent Injunction, including, without limitation, the buying and/or selling of Sprint Phones; and

  e.  knowingly using the Sprint Marks or any other trademark, service mark, trade name and/or trade dress owned or used by Sprint now or in the future, or that is likely to cause confusion with Sprint's Marks, without Sprint's prior written authorization.

  8.  The purchase, sale or shipment of any Sprint Phones without Sprint's prior written consent within and/or outside of the continental United States is and shall be deemed a presumptive violation of this permanent injunction.

  9.  The addresses of Defendants are as follows:

  The Wireless Store, Inc.
  1446 Halsey Way, Suite 102
  Carrollton, Texas 75007

  Mobile Logistics, LLC
  1446 Halsey Way, Suite 102
  Carrollton, Texas 75007

  Beepers Plus Wireless, Inc.
  1446 Halsey Way, Suite 102
  Carrollton, Texas 75007

  The Mobile Store, Inc.
  1446 Halsey Way, Suite 102
  Carrollton, Texas 75007

  Cellular Mart, Inc.
  3404 Oak Lawn Avenue
  Carrollton, Texas 75007

  Malik Muradally
  1144 Muscogee Trail
  Carrollton, Texas 75010

      Amin Abdul Ali
      3824 Creekside Lane
      Carrollton, Texas 75010

      Anwar Charania
      3941 Creekside Lane
      Carrollton, Texas 75010

10. Defendants waive their rights of appeals from the entry of this Final Judgment.

11. The Court retains jurisdiction over this matter and the parties to this action in order to enforce any violation of the terms of this Permanent Injunction by a finding of contempt and an order for payment of compensatory damages to Plaintiffs in an amount of $5,000 for each Sprint Phone that Defendants are found to have purchased, sold or unlocked in violation of this Injunction. The Court finds that these amounts are compensatory and will serve to compensate Sprint for its losses in the event Defendants violate the terms of this Order.

12. The Court hereby finds, pursuant to Fed. R. Civ. P. 54(b), that there is no just reason for delay and orders that Judgment shall be entered against Defendants as set forth herein.

**It is so ordered** this 23rd day of May, 2013.

_____
Sam A. Lindsay
United States District Judge

Copies furnished to:

All Counsel of Record